IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN PATRICK THOME,

    Petitioner,                        No. CIV S-11-2478 EFB P

    vs.

F. X. CHAVEZ, Warden,

    Respondent.                      <u>ORDER</u>

_____/

        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. He challenges the restitution fine imposed as part of his state sentence. Dckt. No. 1 at 8-11.[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

        Petitioner seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs of suit. Therefore, the request will be granted. *See* 28 U.S.C. § 1915(a). However, for the reasons explained below, the court finds that petitioner's application for a writ of habeas corpus

---

[1] For ease of reference, all references to page numbers in the petition are to those assigned via the court's electronic filing system.

1

must be dismissed. *See* Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

Petitioner challenges the restitution order imposed as part of his sentence after he entered a guilty plea to continuous sex abuse of a child and lewd or lascivious acts with a child. He claims that the fine is excessive, that he is unable to pay it, that the fine was imposed despite the trial court's recognition that he was indigent, and that he should have received an "ability to pay hearing" before the fine was imposed. Dckt. No. 1 at 8-11.

The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Id.* The Ninth Circuit has held that "an attack on a restitution order is not an attack on the execution of a custodial sentence . . . [Thus,] § 2254(a) does not confer jurisdiction over a challenge to a restitution order." *Bailey v. Hill*, 599 F.3d 976, 892–83 (9th Cir. 2010) (citing *United States v. Kramer*, 195 F.3d 1129 (9th Cir. 1999)). Because the instant petition only challenges the restitution portion of petitioner's sentence, the "custody" requirement of Section 2254(a) is not satisfied and the court does not have jurisdiction to entertain petitioner's claims.

Accordingly, it is hereby ORDERED that:

1. Petitioner's request for leave to proceed *in forma pauperis* is granted;

2. Petitioner's application for a writ of habeas corpus is dismissed;

3. The Clerk is directed to close the case;

4. The Court declines to issue a certificate of appealability; and

////

////

////

////

2

1        5. The Clerk of the Court shall serve a copy of this order together with a copy of
2 petitioner's July 21, 2011 petition for a writ of habeas corpus with any and all attachments on
3 Michael Patrick Farrell, Senior Assistant Attorney General for the State of California.
4 DATED: December 13, 2011.

```
                                    _____
                                    EDMUND F. BRENNAN
                                    UNITED STATES MAGISTRATE JUDGE
```